# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

|  |  |
|---|---|
| J.L.B., | |
| Plaintiff, | Civil No. 20-7851 (RMB) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | **OPINION** |
| Defendant. | |

**APPEARANCES**

Agnes S. Wladyka
Agnes S. Wladyka, LLC
1122 Route 22 West
Mountainside, New Jersey 07092

*On behalf of Plaintiff*

Elizabeth Ann Corritore
Social Security Administration
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235

*On behalf of Defendant*

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon an appeal filed by Plaintiff J.L.B.

("**Plaintiff**") seeking judicial review of a final determination of the Commissioner of

the Social Security Administration (the "**Commissioner**" and the "**SSA**,"

respectively), which denied Plaintiff's application for Social Security Disability Insurance benefits. For the reasons set forth herein, the Court will **AFFIRM** the decision of the Administrative Law Judge ("**ALJ**").

## I.    PROCEDURAL HISTORY

On November 9, 2015, Plaintiff protectively filed an application for Social Security benefits under Title II of the Social Security Act (the "**Act**"), alleging an onset date of disability beginning January 22, 2015. [Docket No. 8 (Administrative Record ("**R.**")), at 15.] Plaintiff's claim was first denied on April 19, 2016, and again denied upon reconsideration on July 13, 2016. [R. at 15.] On August 1, 2016, Plaintiff filed a written request for a hearing before an ALJ. [R. at 15.] That hearing took place initially on August 2, 2018 and, after a continuance, on January 14, 2019 via videoconference before ALJ George Gaffaney, who presided over the hearing from Chicago, Illinois. [R. at 15.] Plaintiff appeared in Egg Harbor Township, New Jersey. [R. at 15.] Plaintiff was represented by Sara Kafshi and John O'Neil, Esqs. [R. at 15.] During the hearing, the ALJ heard testimony from Plaintiff and Julie A. Svec, an impartial vocational expert (the "**VE**"). [R. at 15.]

On February 21, 2019, the ALJ issued a decision denying Plaintiff's claim for benefits. [R. at 12–24.] Plaintiff requested Appeals Council review of that decision on March 6, 2019. [R. at 7–11.] That request was denied by the Appeals Council on April 8, 2020, [R. at 1–6], rendering the ALJ's decision final. Accordingly, on June

26, 2020,[1] Plaintiff sought this Court's review pursuant to 42 U.S.C. § 405(g).
[Compl., Docket No. 1.]

## II.   STANDARD OF REVIEW

When reviewing a final decision of an ALJ regarding a claim for disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 208 n.10 (3d Cir. 2019); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Albert Einstein Med. Ctr. v. Sebelius*, 566 F.3d 368, 372 (3d Cir. 2009).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. *See Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. *Hess*, 931 F.3d at 208 n.10 (citing *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011)).

The Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental

---

[1] The Court observes that Plaintiff does not appear to have filed the instant action within 65 days of the date of the denial of the Appeals Council, [R. at 2]; however, neither party has raised a concern regarding the timeliness of Plaintiff's filing, so the Court considers Plaintiff to have substantially complied with the contemplated timeline for an appeal pursuant to 42 U.S.C. § 405(g).

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states:

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i–v). The claimant bears the burden of proof at steps one through four, whereas the Commissioner bears the burden of proof at step five. *Hess*, 931 F.3d at 201. Recently, the Third Circuit described the ALJ's role in the Commissioner's inquiry at each step of the analysis:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. *Id.* Otherwise, the ALJ moves on to step two.

> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" *Id.* §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.

At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations." [*Smith v. Comm'r of Soc. Sec.*], 631 F.3d [632, 634 (3d Cir. 2010)]. If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.

At step four, the ALJ assesses the claimant's "residual functional capacity" ("**RFC**") and whether he can perform his "past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the ALJ moves on to step five.

At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] . . . age, education, and work experience." *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

*Hess*, 931 F.3d at 201–02 (some alterations omitted) (defined term added).

## III.    FACTUAL BACKGROUND

The Court recites only the facts that are necessary to its determination on appeal, which is narrow. Plaintiff met the insured status requirements of the Act through June 30, 2020, meaning that she must establish disability on or before that date to be entitled to benefits. [R. at 17.] At the time of the ALJ's decision, Plaintiff was 55 years old, and she was 51 years old at the alleged onset date. [R. at 68.] In his decision, the ALJ adopted the below findings in support of his conclusion that Plaintiff was not disabled under Title II of the Act on or before June 30, 2020.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period of January 22, 2015 through June 30, 2020. [R. at 17.]

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "degenerative disc disease, status post right hip arthroscopy and right pelvic floor repair, asthma, and vertigo." [R. at 17.]

At step three, the ALJ then found that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." [R. at 19.]

At step four, the ALJ found that, during the relevant period, Plaintiff had the RFC:

> to perform light work as defined in 20 CFR [§] 404.1567(b) meaning she can lift 20 pounds occasionally, 10 pounds frequently, and stand and sit for six hours in an 8-hour workday.  She can occasionally kneel, crouch, and crawl.  She can never climb ladders.  She can have occasional exposure to extreme heat and extreme cold.   She can have occasional exposure to dust and fumes.

[R. at 19.] In light of Plaintiff's RFC, the ALJ found that she was capable of performing past relevant work as a waitress (DOT 311.477-030) and an esthetician (DOT 322.271-010). [R. at 23.] Accordingly, the ALJ concluded that Plaintiff was not disabled.

## IV.    DISCUSSION

Plaintiff raises two broad arguments in support of remanding this case for reconsideration before a different ALJ.[2] First, she argues that the ALJ's findings with respect to Plaintiff's RFC are not supported by substantial evidence. [Pl.'s Br. 42–53.] Second, Plaintiff takes issue with the ALJ's determination that she could work as a waitress and an esthetician, which Plaintiff claims she cannot. [*Id.* at 53–57.] Defendant opposes for the reasons discussed below. [Docket No. 18, at 12–27 ("**Def.'s Opp.**").] The Court will address both sets of arguments in turn.

### A.    The RFC Determination.

Plaintiff first contends that the ALJ's RFC determination is erroneous because the ALJ improperly evaluated the medical evidence. [Pl.'s Br. 42.] The Court understands Plaintiff's contention to focus on three discrete points: (1) that the ALJ erred in concluding that Plaintiff's mental impairments were "mild," rather than "severe," and was thus mistaken in excluding any accompanying mental limitation from Plaintiff's RFC [*id.* at 45–47]; (2) that the ALJ provided inadequate reasons for finding Plaintiff's subjective complaints to be "not entirely consistent" with the record [*id.* at 47–51]; and (3) that the ALJ failed to evaluate the opinion evidence in

---

[2] The Court observes that Plaintiff's Memorandum of Law consists of 57 typed pages, excluding a table of contents and table of authorities. [*See generally* Docket No. 13 ("**Pl.'s Br.**").] Plaintiff's filing is plainly out of compliance with L. Civ. R. 7.2(b), which requires Plaintiff to obtain the Court's special permission to file an overlength brief. The Court will not address this apparent oversight other than to say it expects full compliance in future filings.

compliance with applicable law [*id.* at 51–53].[3] None of Plaintiff's arguments is convincing.

    1.    *Whether the ALJ Erred in Excluding a Mental Limitation from Plaintiff's RFC based on his Finding that Plaintiff's Mental Impairment was not Severe.*

At step two of the sequential evaluation process, the ALJ noted that Plaintiff suffers from the medically determinable mental impairment of depression, but that such impairment "does not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities." [R. at 18.] The ALJ then explained, in detail, that he weighed the "paragraph B" criteria in making this finding and concluded that, because the four functional areas are no more than mildly limited, Plaintiff's mental impairment is "nonsevere."[4] [*Id.*] Such a finding signifies that

---

[3] Additionally, Plaintiff argues, at several points, that the ALJ improperly required a 'preponderance of the evidence' in order to adopt a given conclusion. [*See, e.g.*, Pl.'s Br. 48.] Plaintiff misconstrues the ALJ's statements. For example, the ALJ noted that "the preponderance of medical evidence does not support the severity of limitations alleged by [Plaintiff]." [R. at 20.] She suggests that the ALJ's fact-finding should have been more tolerant: "[t]o satisfy [the substantial evidence] standard does not require a preponderance of the evidence." [Pl.'s Br. 48 (citing *Orr v. Comm'r of Soc. Sec.*, 805 F. App'x 85, 88 (3d Cir. 2020)).] But the ALJ's indication reveals that he found the record to contain ***more*** evidence than was required to support the conclusion identified. The ALJ's several statements regarding the preponderance of record evidence suggest, by definition, that more than a "mere scintilla" of evidence supports his decision. *See Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (citing *Consolidated Edison Co.*, 305 U.S. at 229). Thus, the ALJ did not employ the wrong standard for weighing evidence. Plaintiff's argument misunderstands the law.

[4] The four functional areas are: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. § 404.1520a(c). The ALJ

Plaintiff's depression cannot, as a matter of law, automatically establish a finding of disability at step three. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Moreover, the ALJ indicated that his step two finding regarding Plaintiff's mental impairment should be read in concert with his RFC determination, as it "reflects the degree of limitation [he] [] found in the 'paragraph B' mental function analysis." [R. at 18–19.]

Plaintiff suggests that the ALJ should have found her mental impairment to be "severe" at step two. [*See* Pl.'s Br. 45.] She also argues that the ALJ's RFC determination should have included a limitation based on her mental impairment. [*See id.* at 47.] In support of these claims, Plaintiff regurgitates the medical evidence, claims that such evidence does not support the RFC adopted, and invites this Court to substitute its own judgment. [*See id*.] The Court declines Plaintiff's invitation. It will not reweigh the record evidence.

Rather, the task at hand is to assess whether the ALJ's findings are supported by substantial evidence. *See Biesteck*, 139 S.Ct. at 1154 (citing *Consolidated Edison Co.*, 305 U.S. at 229). They clearly were. As Defendant points out, the ALJ adequately explained why the Plaintiff's mental impairment resulted in a mild limitation as to three of the four functional areas. [Def.'s Opp. 12–16.] For example, the ALJ cited evidence demonstrating that Plaintiff is "alert and oriented," [R. at 18], and he noted that, while Plaintiff becomes nervous around people with authority and cries frequently, she maintains good eye contact during consultative mental status

---

found that Plaintiff has a "mild" limitation concerning the first three areas, and no limitation regarding the fourth. [R. at 18.]

examinations. [R. at 18 (discussing the four functional areas and citing the report of Dr. Victoria Miller for the proposition that Plaintiff's capacity to interact with others is mildly limited).] Later, the ALJ appropriately considered, and ultimately discounted, a report from Plaintiff's therapist, Margo Ferrin, LPC, which proposed some severe mental limitations. [*See* R. at 22.] The ALJ explained that Ms. Ferrin's report was internally inconsistent and conflicted with the weight of the record evidence, as she observed that Plaintiff's speech and memory were "good" and her judgment "fair." [R. at 22.] Thus, the ALJ's decision—that Plaintiff's mental impairment was "mild," rather than "severe"—is supported by substantial evidence. *See D.C. v. Comm'r of Soc. Sec.*, 2021 WL 1851830, at *5 (D.N.J. May 10, 2021) (ruling that an ALJ's decision that a claimant's depressive disorder was non-severe was supported by substantial evidence where the ALJ adequately considered the four functional areas).

Consequently, the ALJ's decision to exclude a mental limitation from Plaintiff's RFC was reasonable in light of the ALJ's finding that Plaintiff's depression was not severe. That is because, by definition, the ALJ determined that the mental impairment did not significantly limit her ability to perform basic work activities. *See* 20 C.F.R. § 404.1522. Accordingly, the ALJ was not required to incorporate a mental limitation into his RFC determination. *See Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004) (noting that an ALJ may exclude a deficiency or limitation from the RFC without error where the ALJ concludes that a claimant's deficiency is "so minimal or negligible that . . . it would not limit her ability" to perform required

10

work tasks); *Holley v. Comm'r of Soc. Sec.*, 590 F. App'x 167, 169 (3d Cir. 2014) (holding that when an ALJ finds that the claimant "had—at most—minor mental impairments," the ALJ did not err when the RFC included no mental limitations).

2.    *Whether the ALJ Provided Adequate Reasons for Finding Plaintiff's Subjective Complaints to be "not entirely consistent" with the Record.*

Next, Plaintiff asserts that the ALJ failed to provide adequate reasons why Plaintiff's statements concerning the "intensity, persistence and limiting effects" of her impairments are "not entirely consistent" with the record evidence. [Pl.'s Br. 47–51.] Plaintiff claims that the ALJ's findings in this regard are contrary to the evidence. [*Id.* at 48.] In response, Defendant explains that the ALJ appropriately considered Plaintiff's statements in light of the broader record and adequately explained the basis for his conclusion. [Def.'s Opp. 17.]

A claimant's subjective symptoms of pain will not be found to negatively impact the claimant's ability to work unless medical evidence shows that a medically determinable impairment is present. 20 C.F.R. § 404.1529(b); SSR 96–7. Once a physical impairment has been shown, the ALJ must evaluate the intensity and persistence of the claimant's symptoms so that the ALJ can determine how those symptoms limit the claimant's capacity for work.  20 C.F.R. § 404.1529(c)(1). The ALJ should consider all of the available evidence to evaluate the intensity and persistence of these symptoms, including the claimant's medical history, medical findings, and statements from the claimant. *Id.* If the claimant's symptoms appear to be greater than the objective medical evidence can support, the ALJ should consider

11

the following factors to assess the credibility of the claimant's statements: (i) the claimant's daily activities; (ii) the location, duration, frequency, and intensity of the symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication taken; (v) treatment, other than medication, for the symptoms; (vi) measures used to relieve pain or other symptoms; and (vii) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(i)–(vii). The ALJ has broad discretion to evaluate Plaintiff's subjective complaints. *See Zirnsak v. Colvin*, 777 F.3d 607, 612 (3d Cir. 2014).

Here, the ALJ weighed the record evidence and concluded that, although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Plaintiff's statements concerning the "intensity, persistence and limiting effects of these symptoms are not entirely consistent" with the record evidence. [R. at 19–20.] In support of this proposition, the ALJ first found that Plaintiff exhibited "largely normal physical functional capacity." [R. at 20 (noting, among other things, that Plaintiff's bilateral extremities had no clubbing, cyanosis, or edema).] Second, he indicated that, while Plaintiff testified to allegedly disabling symptoms and engaged in physical therapy and chiropractic treatment for her back pain, Plaintiff did not receive recommended lumbar facet joint injections or undergo any lumbar spine surgery. [R. at 20.] The ALJ found that the evidence, on these first two points, weighed against Plaintiff's subjective complaints.

Plaintiff disputes this conclusion for two reasons. First, Plaintiff contends that the ALJ was mistaken that Plaintiff failed to undergo recommended surgery because, in fact, Plaintiff had hip arthroscopy in January 2016. [Pl.'s Br. 49.] Second, in any case, Plaintiff argues that the ALJ failed to consider whether good cause existed to forgo surgery, as required by SSR 18-3p. [*Id.*]

Plaintiff's first assertion is a misreading of the decision. As Defendant correctly clarifies, [Def.'s Opp. 17 n.3], the ALJ's statement was made in the context of discussing Plaintiff's back impairment, so the fact that she underwent hip arthroscopy is beside the point. Plaintiff does not appear to have undergone a "lumbar facet joint injection at L4-5 and L5-S1." [R. at 20.]

Though a stronger contention, Plaintiff's second argument fails too. An ALJ must determine whether a claimant has failed to follow a prescribed treatment when: (i) the individual would otherwise be entitled to benefits based on disability or eligible for blindness benefits under Titles II or XVI of the Act; (ii) there is evidence that the individual's own medical source prescribed treatment for the medically determinable impairment upon which the disability finding is based; and (iii) there is evidence that the individual did not follow the prescribed treatment. SSR 18-3p. If all three conditions are met, then the ALJ must assess: (i) whether the prescribed treatment, if followed, would be expected to restore the individual's ability to engage in substantial gainful activity; and (ii) whether good cause existed for not following the prescribed treatment. *Id.* Here, the first condition was not met because the ALJ did not find that Plaintiff "would be found disabled *but for* her unjustifiable non-

compliance with prescribed treatment." *Marilyn G.D. v. Comm'r of Soc. Sec.*, 2022 WL

855684, at *8 (D.N.J. March 22, 2022) (cleaned up) (citation omitted). Rather, the

ALJ implied that Plaintiff's failure to follow the recommended procedure was one

reason, among others, for discounting Plaintiff's subjective complaints regarding

back pain. *See, e.g.*, *infra* Section IV.A.2, pages 14–15. Thus, reconsideration is not

required.[5]

Next, the ALJ explained that Plaintiff's allegedly disabling symptoms of

asthma and vertigo were not as severe as alleged. [R. at 20.] Treatment notes reveal

that Plaintiff's asthma was stable, and Plaintiff was furnished with home exercises to

manage her vertigo. [R. at 20.] Plaintiff's unsubstantiated assertion that the ALJ

failed to consider these impairments is without merit. [Pl.'s Br. 50.]

Finally, the ALJ considered Plaintiff's daily activities and concluded that,

although they were fairly limited, two factors weighed against considering Plaintiff's

allegations to be evidence in favor of finding Plaintiff to be disabled. [R. at 20–21.]

First, Plaintiff's allegations stood on their own, as they were not corroborated. [R. at

21.] Second, "the preponderance of medical evidence outweighs [Plaintiff's]

---

[5] After discussing SSR 18-3p—in no apparent order or sequence—Plaintiff submits that the ALJ failed to mention a carpal tunnel syndrome diagnosis despite evidence supporting its existence and Plaintiff's symptoms as a result. [Pl.'s Br. 49–50 (mentioning medical records of Dr. Maureen Gottfried).] But Plaintiff does not connect the dots, and the Court is left to guess why this matters. Defendant rightly points out that an ALJ need not discuss every piece of evidence in the record, and a diagnosis, without more, does not prove that additional functional limitations are warranted. [Def.'s Opp. 12 n.2 (citing *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004) and *Jones v. Barnhart*, 954 F.2d 125, 129 (3d Cir. 1991)).]

allegations regarding her limitations." [R. at 21.] Plaintiff believes that the ALJ's findings are not supported by substantial evidence because the ALJ inappropriately relied on facts that should not weigh against a disability finding. [Pl.'s Br. 50–51 ("[W]e do not find that the fact that the plaintiff is able to enjoy herself with her disability is a ground for finding that she has no credibility and has the ability to work.").] Plaintiff suggests that *Smith v. Califano*, 637 F.2d 968 (3d Cir. 1981) supports this proposition. It does not.

In *Smith*, the Third Circuit cautioned ALJs not to rely on speculative inferences when assessing a claimant's testimony regarding severe pain. 627 F.2d at 972. It emphasized that an ALJ must give serious consideration to a claimant's assertions of pain, even when those assertions are not fully confirmed by objective evidence. *Id.* But the *Smith* court did not say that an ALJ may not discount subjective complaints when the record evidence, considered as a whole, weighs against the claimant's assertions. Here, the ALJ did exactly that. [*See* R. at 20–21; *see also supra* Section IV.A.2.] The Court is not convinced that the ALJ's decision is not supported by substantial evidence. *See Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999) (rejecting argument that ALJ failed to consider subjective symptoms when ALJ made findings that such symptoms were inconsistent with record evidence).

### 3.   Whether the ALJ Failed to Evaluate the Opinion Evidence Correctly.

Next, Plaintiff addresses various medical opinions and third-party assessments and asserts that the ALJ's findings contradict the opinions identified. [Pl.'s Br. 51–53 .] Defendant explains that the ALJ appropriately evaluated relevant opinion evidence

and considered the weight to accord each opinion. [Def.'s Opp. 19–20.] Once again, Plaintiff asks this Court to reweigh the evidence because she disagrees with the ALJ's findings.

In discussing a claimant's RFC, the ALJ may reject or discount pertinent evidence, such as treating physicians' medical opinions, *see Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203–04 (3d Cir. 2008) (citation omitted); *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999), but the ALJ must give "some indication" of the evidence that he rejects and his "reason(s) for discounting such evidence," *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)). In his opinion, the ALJ does not have to discuss "every tidbit of evidence included in the record." *Hur*, 94 F. App'x at 133; *see also Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) (explaining that while the ALJ must consider and evaluate all relevant evidence, the ALJ need not *discuss* all relevant evidence). The touchstone is whether the reviewing court has sufficient information to understand the ALJ's basis for rejection. *See Johnson*, 529 F.3d at 204 (quoting *Burnett*, 220 F.3d at 121).

Here, Plaintiff conjures up various problems regarding the opinion evidence. For instance, Dr. Miller's report is allegedly flawed because she was not supplied with records detailing Plaintiff's medical history. [Pl.'s Br. 51.] The ALJ's rejection of Plaintiff's husband's third-party function report is inappropriate for some undisclosed reason. [*Id.*] The ALJ's rejection of Dr. Steiner's opinion is apparently

flawed because the ALJ employed the wrong standard of review. [*Id.*] And finally, the ALJ's RFC determination is incomplete because he did not adopt all of the limitations that the state agency medical consultants identified. [*Id.* at 52.] Specifically, Plaintiff says that the consultants opined that she could never crawl, [*id.*], but the ALJ's RFC determination found that she could occasionally crawl, [R. at 19]. She also claims that the ALJ improperly disregarded their opinion that Plaintiff should avoid exposure to moderate fumes and dust. [Pl.'s Br. 52.] Therefore, the Court is told that reconsideration is required. [*Id.* at 53.]

Plaintiff's assertions miss the mark. First, the ALJ employed the correct standard to evaluate the opinion evidence in the record. Plaintiff's claims about the ALJ's use of the phrase, "preponderance of the evidence," are misguided. *See supra* note 3. Second, the ALJ permissibly discounted the opinion of Plaintiff's husband, as the relationship between parties is an appropriate fact to consider, among others, in assessing an opinion's weight. *See Switzer v. Comm'r of Soc. Sec.*, 2019 WL 5485526, at *8 n.11 (D.N.J. Oct. 24, 2019) (explaining that an ALJ may discount statements by friends and family in the ALJ's assessment of the credibility of such evidence). Third, the ALJ is not required to adopt the opinions most favorable to Plaintiff when determining Plaintiff's RFC. Instead, the ALJ must assess the relative weight to afford the evidence and decide which limitations to incorporate. *See Wilkinson v. Comm'r of Soc. Sec.*, 558 F. App'x 254, 256 (3d Cir. 2014) (noting that an ALJ is not required to adopt the entirety a medical opinion simply because the ALJ finds it persuasive as a whole).

17

Finally, Plaintiff bears the burden of showing why the remaining deficiencies are material or, in other words, how they could result in a different outcome on remand. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). Plaintiff has levied numerous arguments at this Court, but she has failed to adequately explain how such deficiencies are harmful. For example, even assuming that Plaintiff's strongest argument here is true—that the ALJ's failure to credit the state agency medical consultants' opinion regarding Plaintiff's inability to crawl was erroneous—Plaintiff has not set forth a satisfactory theory of harm, as the jobs the ALJ identified do not require Plaintiff to crawl. Therefore, the Court rejects Plaintiff's argument that the ALJ's treatment of the opinion evidence warrants reconsideration. *See Rutherford v. Barnhart*, 339 F.3d 546, 557 (3d Cir. 2005) ("a remand is not required here because it would not affect the outcome of the case"); *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 755 n.6 (1969) (explaining that remand is not required when it would be "an idle and useless formality").

### B.   Past Relevant Work Determination.

In her final argument, Plaintiff contends that the ALJ erred in finding that she could work as a waitress and an esthetician because Plaintiff's RFC allegedly should have been limited to sedentary work. [Pl.'s Br. 53–57.] She also maintains that the ALJ erroneously relied on a response to a hypothetical question posed to the VE that failed to include all of the functional limitations supported by the record. [*Id.* at 56.] Each of Plaintiff's arguments fails.

A claimant's RFC is the most she can do despite her functional limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). An ALJ need not include in the claimant's RFC those limitations that the record fails to credibly support. *Rutherford*, 399 F.3d at 554. After assessing the claimant's RFC, the ALJ compares it with the demands of the claimant's past relevant work. 20 C.F.R. § 404.1560(b). A claimant can perform her past relevant work if she retains the capacity to perform: (i) "the particular functional demands and job duties peculiar to an individual job as he or she actually performed it"; or (ii) "the functional demands and job duties of the job as ordinarily required by employers throughout the national economy." SSR 82-61.

Principally, Plaintiff disputes that she is capable of performing light work because the record demonstrates that her ability to walk and stand is limited. [Pl.'s Br. 55.] In furtherance of this position, she asserts that "[t]he State Agency found that [she] was only capable of performing sedentary work." [*Id.* (citing R. at 126–27).] Because she can allegedly perform only sedentary work and the ALJ found her capable of performing light work, remand is required she asserts. [*See id.* 55–56.]

Plaintiff misreads the record and misunderstands her burden on appeal. The medical evidence she cites indicates that Plaintiff has the capacity for light work—with reduced standing and walking. [R. at 121–27.] It even states that she is capable of working as an esthetician. [R. at 126.] Thus, the Court will not reweigh the evidence where Plaintiff merely disagrees with the ALJ's conclusion. Moreover, as already discussed, the ALJ's RFC determination is supported by substantial

evidence. *See supra* Section IV.A. As a result, Plaintiff's attempt to discredit the ALJ's assessment here fails. *See Rutherford*, 399 F.3d at 554.

Finally, Plaintiff asserts that the ALJ erroneously relied on the VE's response to a hypothetical question that did not include all of her limitations. [Pl.'s Br. 56–57.] To adopt a VE's response, an ALJ must have included in his hypothetical questions all of those limitations that the record credibly establishes, *Rutherford*, 399 F.3d at 553–554 (citing *Podedworny*, 745 F.2d at 218), but just because a limitation is included in a hypothetical question does not mean that sufficient evidence exists, necessarily, to support it or that the ALJ will ultimately adopt it. *See Pearson v. Comm'r of Soc. Sec*, 839 F. App'x 684, 690 (3d Cir. 2020) ("The ALJ's subsequent hypothetical question about a person who would be off-task fifteen percent of the time, does not bind him to the premise of the question, nor to the expert's answer that such a hypothetical person would not be capable of performing past work. Instead, the ALJ's first hypothetical question captured the RFC the ALJ later determined for [the plaintiff].").

In the instant action, the ALJ asked the VE a variety of hypothetical questions. One asked the VE to assume that an individual with Plaintiff's circumstances was limited to six hours of standing and siting in an eight-hour workday, among other restrictions. [R. at 68.] The VE testified that such a person would be able to perform the jobs of waitress and esthetician. [R. at 68.] Another hypothetical question assumed the same facts but limited the individual to two hours of standing in an eight-hour workday, among other restrictions not relevant here. [R.

at 68.] Such a person would be unable to perform the jobs identified, the VE testified. [R. at 68.] Plaintiff believes that the VE's response to the second hypothetical question demonstrates that Plaintiff cannot perform the jobs of waitress and esthetician. [Pl.'s Br. 56–57.] Not so. The limitations included in the second hypothetical question were not ultimately adopted by the ALJ, [R. at 19 (adopting the limitations included in the *first* hypothetical)], and the VE's testimony on this score does not require reversal. *See Pearson*, 839 F. App'x at 69. Therefore, the Court concludes on appeal that no error exists to disturb the ALJ's findings.

## V.    CONCLUSION

For the reasons expressed above, the Court will **AFFIRM** the ALJ's decision. An accompanying Order shall issue.


11/17/2022                                          s/Renée Marie Bumb
Date                                                Renée Marie Bumb
                                                    United States District Judge